IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA B. NOBLE; WILLIAM NOBLE, husband and wife, )<br>Plaintiffs )<br>)<br>vs. )<br>)<br>)<br>CORPORAL BARRY GASTON, an )<br>individual; COMMISSIONER JEFFERY E. )<br>MILLER, Jeffrey Miller Commissioner, )<br>Defendants ) | Civil Action No. 08-348<br>Judge Gary L. Lancaster/<br>Magistrate Judge Amy Reynolds Hay |

**REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

The Plaintiffs in this civil rights action, brought pursuant to 42 U.S.C. § 1983, Donna and William Noble ("the Nobles" or "the Plaintiffs"), filed an Amended Complaint (Doc. 14) alleging violations of Mrs. Noble's First and Fourth Amendment rights under the U.S. Constitution. Specifically, the Plaintiffs contend that Defendant Barry Gaston ("Gaston"), a state police officer, used excessive force in violation of the Fourth Amendment against Mrs. Noble while and because she was exercising her First Amendment rights. The Plaintiffs also allege that Defendant Jeffrey Miller ("Miller"), who was at all relevant times the Commissioner of the Pennsylvania State Police Department, violated Mrs. Noble's constitutional rights by maintaining inadequate practices or procedures for evaluating, investigating, and disciplining subordinate officers, and by failing to train these officers in the appropriate use of force and constitutional methods of crowd dispersal. In Counts III through VI [1] the Plaintiffs allege state causes of action

---
[1] The Plaintiffs have misnumbered the counts in the Amended Complaint, skipping what should have been numbered Counts V and VII. In reality, the Amended Complaint comprises six rather than

against Gaston for assault, battery, and intentional infliction of emotional distress with respect to Mrs. Noble, and loss of consortium on the part of Mr. Noble. The Defendants have filed a Partial Motion to Dismiss the Amended Complaint (Doc. 15). It is recommended that this Motion be granted in part and denied in part.

II. <u>REPORT</u>

A. <u>Background</u>

On March 16, 2006, Mrs. Noble attended a public meeting of the Hanover Township municipal government where a topic of discussion was her husband's performance during his tenure as the Township's Chief of Police. Those attending became unruly, and state police officers, including Gaston, were called to help with crowd control. Mrs. Noble alleges that she complied with requests to leave the municipal building and waited outside for her husband to pick her up. Gaston approached her, asked her to leave the parking lot, and was told that she was waiting for her husband. He then shoved her twice, causing her to fall and suffer serious injury.

In their Motion, the Defendants ask that Counts I and II of the Amended Complaint be dismissed as to both Defendants in their official capacities, and as to Miller in his individual capacity. They also ask that Count II and the four state law counts be dismissed altogether.

B. <u>Standard of Review</u>

The Supreme Court, writing in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007), held that a complaint challenged pursuant to Fed. R. Civ. P. 12 (b) (6) must be dismissed if it fails to allege "enough facts to state a claim to relief that is plausible on its face." The court is not obligated to accept inferences unsupported by the facts set out in the

---

eight counts.

2

complaint, see California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)), and is not required to accept legal conclusions framed as factual allegations. Bell Atlantic Corp., 127 S. Ct. at 1965. In evaluating the complaint, the Court views all facts and reasonable inferences to be drawn therefrom in the light most favorable to the Nobles. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008).

**C. Analysis**

**1. Section 1983 Claims Against the Defendants in their Official Capacities**

The Defendants contend that insofar as they have been sued in their official capacities, they are immune from suit under Section 1983.

In Will v. Michigan Dept. of State Police, the Supreme Court held that "officials acting in their official capacities are [not] 'persons' under § 1983." 491 U.S. 58, 71 & n. 10 (1989); the suit is deemed to be against the state agency. Under the Eleventh Amendment, states and state agencies are immune from suit in federal court. See, e.g., Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993). While a state may lose its immunity by Congressional abrogation or by waiver, Congress did not abrogate states' sovereign immunity when it enacted 42 U.S.C. § 1983. Id. Moreover, the Pennsylvania legislature has expressly declined to waive its sovereign immunity by statute. See Lavia v. Pennsylvania Dept. of Corrections, 224 F.3d 190, 195 (3d Cir. 2000); 42 Pa. Cons. Stat. Ann. § 8521(b). Accordingly, insofar as Gaston and Miller have been sued in their official capacities, the Nobles' claim for damages is barred.

**2. Miller's Alleged Violation of Mrs. Noble's First and Fourth Amendment Rights**

The fact that neither Gaston nor Miller is subject to suit in his official capacity does not

end the analysis. "Damage awards against individual defendants in federal courts 'are a permissible remedy in some circumstances notwithstanding the fact that they hold public office.'" Hafer v. Melo, 502 U.S. 21, 30 (1991) (quoting Scheuer v. Rhodes, 416 U.S. 232, 238 (1974)). "State officials sued in their individual capacities are 'persons' within the meaning of § 1983," id. at 31, and thus are not immune from personal liability under Section 1983 solely by virtue of the "official" nature of their acts. Id.

Under Section 1983, every person who, acting under color of state law, "subjects or causes to be subjected" another person to deprivation of a federally secured right is liable for that transgression. This statutory phrase means that liability may be established in two ways. "One can be liable for one's own constitutional tort, that is, for 'subjecting' the plaintiff to the constitutional violation. One can also be liable, under appropriate circumstances, for someone else's constitutional tort - that is, for 'causing' the plaintiff to be subjected to the constitutional violation." Sample v. Diecks, 885 F.2d 1099, 1113 (3d Cir. 1989). The allegations against Gaston fall within the first type of liability, and, as to the excessive force claim, the Defendants do not challenge their sufficiency.² By contrast, the allegations against Miller are based entirely on his failure to supervise and/or train subordinate officers.³

---

² The Defendants do challenge the sufficiency of the First Amendment allegations against Gaston, arguing that he cannot be liable under Count I because Mrs. Noble did not actually speak at the public meeting. Whether she spoke is irrelevant. The Plaintiffs recognize that Mrs. Noble's mere attendance at the meeting arguably constituted expressive activity. She alleges - and the Defendants do not disagree - that when she was confronted by Gaston she was engaged in activity protected by the First Amendment. See Rode v. Dellarciprete, 845 F.2d 1195, 1204 (3d Cir. 1988) (clarifying that a claim for retaliating against an individual who exercises the right to free association is cognizable under Section 1983).

³In its caption, the Amended Complaint states that Miller is being sued only in his official capacity. If a complaint does not name a defendant in his individual capacity, it is presumed that he is sued only in his official capacity. See, e.g., Ham v. Pennington County Bd. of Com'rs, 158 Fed. Appx. 761, 762 (8th Cir. 2005) (citing Artis v. Francis Howell N. Band Booster Ass'n, Inc., 161 F.3d 1178, 1182

The Court of Appeals for the Third Circuit has regularly addressed supervisory liability in the context of Section 1983, making clear that a supervisor's conduct falls within the statute only where it amounts to "deliberate indifference" to the rights of those with whom subordinates interact. See Carter v. City of Phila., 181 F.3d 339, 357 (3d Cir. 1999). The Court of Appeals has analyzed the liability of supervising officers "slightly differently depending on whether it relates to an act of commission by an inferior, or an act of omission by the supervisor before any constitutional violation has actually occurred." Rudolph v. Clifton Heights Police Dept., No. 07-cv-01570, 2008 WL 2669290, at * 5 (E.D. Pa. 2008).

In order to state a Section 1983 claim against Miller based on Gaston's use of excessive force or for his interference with Mrs. Noble's First Amendment rights, the Plaintiffs must allege that Miller "participated in violating [Mrs. Noble's] rights, directed others to violate them, or . . . had knowledge of and acquiesced in [Gaston]'s violations." Baker v. Monroe Twp., 50 F.3d 1186, 1191 (3d Cir. 1995). The Plaintiff must also allege "causation by establishing that [Miller's] inadequate supervision was 'the moving force behind [his] subordinate's constitutional tort." Rudolph, 2008 WL 2669290, at * 5.

The allegations set out in the Plaintiffs' Amended Complaint, even under the most expansive reading, are insufficient to state a Section 1983 claim against Miller. The Nobles do not allege that Miller was present for or played a direct role in pushing Mrs. Noble. They also fail to allege that Miller instructed anyone to violate her rights, or knew of Gaston's unlawful conduct in this or any other instance.

---

(8th Cir.1998)); Davis v. Pa Dept. of Corr., Civ. No. 05-1558, 2006 WL 2927631, at *5 (W.D. Pa. Oct. 12, 2006). Here, however, the totality of the Section 1983 allegations in the Amended Complaint make clear that the Plaintiffs attempt to hold Miller liable in his individual capacity.

The Nobles' allegations against Miller rest on his alleged supervisory omissions. In order to state a cause of action for a violation of Section 1983 under this theory, it is not enough to argue that the alleged injury would not have occurred had Miller done more than he did. The Plaintiffs:

> must identify a specific supervisory practice or procedure that the defendant failed to employ, that the existing custom or practice without that specific practice or procedure created an unreasonable risk of harm, that defendant was aware that this unreasonable risk existed, that defendant was indifferent to that risk, and that the plaintiff's harm resulted from defendant's failure to employ that supervisory practice or procedure.

Id. at 3 (citing Sample, 885 F.2d at 1118). "The Plaintiffs must identify specifically what it is that [Miller] failed to do that evidences his deliberate indifference. Only in the context of a specific defalcation on [his] part . . . can the court assess whether [his] conduct evidenced deliberate indifference and whether there is a close causal relationship between the 'identified deficiency' and the 'ultimate injury.'" Sample, 885 F.2d at 1118.

The requirements for a claim based on failure to train also demand a degree of specificity. The Plaintiff must allege that "the need for more or different training was so obvious and so likely to lead to the violation of constitutional rights that [Miller's] failure to respond [amounted] to deliberate indifference." Brown v. Pa. State Police, No. 06-1713, 2007 WL 2071896, at *3 (W.D. Pa. July 19, 2007) (citing Brown v. Muhlenberg Twp., 269 F.3d 205, 216 (3d Cir. 2001)).

In their Amended Complaint, the Nobles allege that Miller maintained a constitutionally infirm practice or procedure for evaluating the performance of state police officers, investigating charges against them, and imposing discipline. (Doc 1 at ¶ 16). They also allege that Miller acted with deliberate indifference in maintaining "a constitutionally defective and/or inadequate

6

practice and/or procedure with respect to training its officers in the constitutional rights of citizens, in the use of force, and in the disbursing [sic] of crowds." Id. at ¶ 17, 33. This lack of adequate procedure and training resulted in the deprivation of Mrs. Noble's rights.

Even under the notice pleading standard of Fed. R. Civ. P. 8, the Nobles' allegations are inadequate. As Miller points out, the Plaintiffs have not shown "that Miller himself was on notice of a problem that mandated action on his part, and that he failed to take this action." (Doc. 16 at 8). Nothing in the Amended Complaint references Miller's knowledge of any act of excessive force or interference with First Amendment rights by any state police officer. Liability for supervisory misconduct cannot be premised on mere failure to act. See Commonwealth of Pa. v. Porter, 659 F.2d 336 (3d Cir. 1981). Absent factual allegations bearing on Miller's awareness, the Plaintiffs cannot establish that his lack of response to the problem was a product of deliberate indifference, or that deliberate indifference was the "moving force" behind Gaston's conduct. "Obviously, not every official who is aware of a problem exhibits indifference by failing to solve it." Sample, 885 F.2d at 1110.

The supervisory allegations set out against Miller are not sufficiently specific to state a claim that is plausible on its face. Therefore, it is recommended that Counts I and II, insofar as they pertain to Miller, be dismissed in their entirety.

### 3. The First Amendment Claim - Gaston

Count II, the retaliation claim, is also deficient with respect to Gaston. The elements of First Amendment retaliation include conduct by the defendant "sufficient to deter a person of ordinary firmness from exercising his constitutional rights," and "a causal link" between plaintiff's constitutionally protected activities and the defendant's retaliatory conduct. See, e.g., Thomas v. Independence Twp., 463 F.3d 285, 296 (3d Cir. 2006). Even assuming, arguendo,

7

that the Plaintiffs have meet the first requirement, they have failed altogether to establish the second. "In order to satisfy the causation requirement, allegations must be 'sufficient to support the inference that the [expressive activity] played a substantial part in the adverse action.'" Davis v. Goord, 320 F.3d 346, 354 (2d Cir.2003) (citing Dawes v. Walker, 239 F.3d 489, 492 (2d Cir. 2001), overruled on other grounds by Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002)).

It is undisputed that Mrs. Noble had a First Amendment right to be free of viewpoint specific government action infringing upon her ability to engage in lawful speech or assembly. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977); Lyman v. City of Albany, 536 F. Supp. 2d 242, 247 (N.D.N.Y. 2008) (citing R.A.V. v. City of St. Paul, Minn., 505 U.S. 377 (1992)). She has not, however, alleged facts sufficient to establish, beyond the speculative level, a connection between her speech or attendance at the meeting, and Gaston's allegedly unconstitutional conduct. The Plaintiffs' retaliation claim thus fails to meet the mandate of Twombly. Accordingly, Count II should be dismissed as against Gaston as well.

### 4. The State Law Tort Claims - Gaston

The Court should delay its decision regarding the exercise of jurisdiction over the Plaintiffs' state claims pending the outcome of any Motion for Summary Judgment. "Pendent jurisdiction is essentially a discretionary doctrine designed to permit a party to try in one judicial proceeding all claims arising out of a 'common nucleus of operative fact,' without regard to their federal or state character . . . ." Tully v. Mott Supermarkets, 540 F.2d 187, 195-96 (3d Cir. 1976). The exercise of pendent jurisdiction, though virtually unrestricted, requires that a federal claim be substantial enough to support the court's subject matter jurisdiction. See United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). This determination typically rests on the pleadings. If it appears that the federal claim may not survive a motion for summary judgment

under Fed. R. Civ. P. 56, the court should, in the absence of extraordinary circumstances, refrain from exercising pendant jurisdiction. Tully, 540 F.2d at 196. The Court is by no means convinced that the Plaintiff's Section 1983 claim will survive summary judgment. Accordingly, it is appropriate to defer consideration of the state claims.

### III. CONCLUSION

The Court respectfully recommends that the Defendants' Partial Motion to Dismiss the Amended Complaint (Doc.14) be granted in part and denied in part as follows: As to Count I, the Motion should be granted with respect to Miller and Gaston in their official capacities, but denied insofar as it states a Fourth Amendment claim against Gaston in his individual capacity. Count II should be dismissed with respect to both Defendants. Decision with respect to dismissal of the state law claims should be deferred pending the outcome of any motion for summary judgment.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/ Amy Reynolds Hay
United States Magistrate Judge

Dated: 9 January, 2009

cc:  Hon. Gary L. Lancaster
     United States District Judge

     All counsel of record by Notice of Electronic Filing