IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONNA B. NOBLE, et al., )
)
        Plaintiffs )
)
v. ) Civil Action No. 08-0348
)
CORPORAL BARRY GASTON, )
)
        Defendant. )

MEMORANDUM

Gary L. Lancaster,                         November 22, 2010
Chief Judge.

      This is an action in civil rights. Plaintiffs have one federal claim remaining; a section 1983 claim alleging that Corporal Gaston used excessive force against Mrs. Noble in violation of her rights under the Fourth Amendment. On October 14, 2010, Magistrate Judge Amy Reynolds Hay directed the parties to file briefs addressing whether Mrs. Noble was "seized" within the meaning of the Fourth Amendment during her March 16, 2006 interaction with Gaston. Huber v. Taylor, 532 F.3d 237, 249 (3d Cir. 2008) (court must address subject matter jurisdiction sua sponte, provided parties are given notice). In response to this directive, plaintiffs did not file a brief. Instead, they submitted a stipulation stating: "The Plaintiff's [sic] hereby stipulate that Mrs. Noble was not 'seized' within the meaning of the Fourth Amendment at any point during her interaction with the Defendant on March 16, 2006 and that her only claim

regarding the Fourth Amendment is an excessive force claim."
[doc. no. 60].

In order to establish a claim of excessive force under the Fourth Amendment, a plaintiff must prove: (1) that there was a seizure; and (2) that the seizure was unreasonable. Graham v. Connor, 490 U.S. 386, 393-94 (1989); Curley v. Klem, 499 F.3d 199, 203 n.4 (3d Cir. 2007) (quoting Abraham v. Raso, 183 F.3d 279, 288 (3d Cir. 1999)). Plaintiffs contend that a seizure is not required in order to state a Fourth Amendment claim. Plaintiffs have offered no case law in support of that novel position in any filing made with this court. [see doc. nos. 9, 12, 47, and 60]. Because plaintiffs have admitted that Gaston did not seize Mrs. Noble, and because a seizure is a required element of a Fourth Amendment excessive force claim, it follows that plaintiffs have no possibly viable Fourth Amendment claim.

Nevertheless, in order to determine whether plaintiffs could amend their complaint to preserve this court's subject matter jurisdiction, we have considered whether plaintiffs could assert an excessive force claim under the substantive due process clause of the Fourteenth Amendment. See, Smith v. Department of General Services of Pennsylvania, 2006 WL 1626579 (3d Cir. Jun. 12, 2006). In order to establish an excessive force claim under the Fourteenth Amendment, a plaintiff must

plead and prove conduct that is egregious, and "shocks the conscience" by being intended to injure or by being brutal, demeaning, harmful, and unjustifiable by any government interest. Id. at *2-3 (citing County of Sacramento v. Lewis, 523 U.S. 833 (1998)).

Here, plaintiffs did not include allegations in their complaint that Gaston engaged in egregious or conscious shocking conduct. Nor, when the court met with the parties to discuss the viability of plaintiffs' constitutional claim, did plaintiffs discuss this alternative cause of action, or seek leave to amend their complaint. Regardless, more importantly, we find that plaintiffs could not support such a claim on the record before the court were it added by amendment to their complaint. Viewed in the light most favorable to plaintiffs, the record reflects that Gaston poked Mrs. Noble on the shoulder twice during the course of directing her to disburse, and then poked, grabbed, or hit her shoulder from behind as she started to walk away. Although there is no dispute that Mrs. Noble thereafter fell and sustained a leg injury, no reasonable juror could conclude that Gaston's conduct was egregious or conscious shocking under the circumstances.

The relevant inquiry in determining whether Gaston's conduct shocks the conscious is whether the force applied caused injuries so severe, was so disproportionate to the need presented, and was so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power literally shocking to the conscience. Kurilla v. Callahan, 68 F.Supp.2d 556, 564-565 (M.D. Pa. 1999) (discussing case in which a slap across the face was found not to shock the conscious and holding that a punch to the chest does not amount to conscious shocking conduct). No reasonable juror could find that Gaston's initial poking of Mrs. Noble's shoulder was egregious or shocks the conscious. Mrs. Noble does not claim to have suffered any injury from this contact. Moreover, there is no evidence that Gaston's pokes were severe, violent, or motivated by malice. Assuming that these initial pokes were actually made, a fact that Gaston vehemently denies, they were, at worst, rude, and in no instance would rise to the level of egregious or conscious shocking conduct.

Likewise, no reasonable juror could find that Gaston's final act of physical contact with Mrs. Noble was egregious or shocks the conscious. Viewing the evidence in the light most favorable to Mrs. Noble, Gaston grabbed, poked, or hit her

4

shoulder from behind as she walked in front of him. There is no dispute that this physical act resulted in an injury to Mrs. Noble. However, Mrs. Noble offers no evidence that Gaston touched her with aggression or that Gaston's contact was violent, brutal, inhumane, or malicious. Her deposition testimony offers few details apart from her repeated assertions that Gaston grabbed, hit, or poked her as she walked past him, while asking her where she was going.

Nor would a jury be required to find that the conduct met the standards of being conscious shocking by virtue of the simple fact that Mrs. Noble fell. It is reasonable to assume that even the slightest touch to the back of an elderly woman walking across unstable gravel in the dark, in an environment where a police presence was needed to disburse a crowd could cause a fall. As such, it may well have been careless for Gaston to have touched Mrs. Noble at all, a fact which Gaston denies in any event, in an effort to get her attention while she walked past him. However, careless acts do not shock the conscious.

Therefore, it would be impossible for plaintiffs to establish a Fourteenth Amendment excessive force claim in this case even were they permitted to amend their complaint.

As such, plaintiffs have only state law claims remaining. Where a district court has dismissed all claims over which it had original jurisdiction, the court may decline to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(3). The decision of whether to exercise supplemental jurisdiction after dismissing every claim over which a court had original jurisdiction is purely discretionary. Carlsbad Tech., Inc. v. HIF Bio, Inc., 129 S.Ct. 1862, 1866 (2009). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors…will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988). We have considered the circumstances of this case and decline to exercise supplemental jurisdiction over the remaining state law claims of assault, battery, intentional infliction of emotional distress, and loss of consortium. As such, we will dismiss those claims, without prejudice. Onyiuke v. New Jersey, 242 Fed.Appx. 794, 797-98 (3d Cir. 2007) (citing cases); Englert v. City of McKeesport, 872 F.2d 1144, 1152-53 (3d Cir. 1989).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONNA B. NOBLE, et al., )
)
       Plaintiffs )
)
v. ) Civil Action No. 08-0348
)
CORPORAL BARRY GASTON, )
)
       Defendant. )

ORDER

AND NOW, this 22 day of November, 2010, IT IS HEREBY ORDERED that this court lacks subject matter jurisdiction over this dispute. The claims for assault, battery, intentional infliction of emotional distress, and loss of consortium are dismissed, without prejudice to plaintiffs' right to reassert them in state court.

The Clerk of Court is directed to mark this case closed.

BY THE COURT,

_____, C.J.